IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Teresea Duncan,                        )
                                       )     2:11-cv-1536-GEB-CKD
                Plaintiff,             )
                                       )
        v.                             )     ORDER DENYING DEFENDANT
                                       )     LORILLARD TOBACCO COMPANY'S
Hartford Life and Accident             )     MOTION FOR JUDGMENT ON THE
Insurance Company, Lorillard           )     PLEADINGS*
Tobacco Company,                       )
                                       )
                Defendants.            )
_____        )

        Defendant Lorillard Tobacco Company ("Lorillard") moves under

Federal Rule of Civil Procedure ("Rule") 12(c) for judgment on the

pleadings of all claims asserted against it in Plaintiff's Complaint.

Lorillard argues its motion should be granted because "Plaintiff . . .

previously signed a Workers' Compensation Compromise and Release (the

'Settlement') agreeing to release Lorillard . . . from her claims for

permanent disability — the very same claims at issue here." (Defendant

Lorillard Tobacco Company's Motion for Judgment on the Pleadings

("Mot.") 2:4-7, ECF No. 31.) Plaintiff counters that "the standard

language of the preprinted form used in settling California workers'

compensation claims releases only those claims that are within the scope

of the workers' compensation system, and does not apply to claims

_____

        *    This matter is deemed suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

1

1    asserted in separate civil actions." (Plaintiff's Opposition to

2    Defendant Lorillard's Motion for Judgment on the Pleadings ("Opp'n")

3    2:12-15, ECF No. 33.)

4            Lorillard filed two separate requests for judicial notice in

5    support of its motion, which combined seek to include the entirety of

6    the referenced Workers' Compensation Appeals Board Compromise and

7    Release. (Request for Judicial Notice ("RJN"), ECF Nos. 32, 35.)

8    Plaintiff does not oppose the requests. Since the Compromise and Release

9    is part of a workers' compensation administrative law judge's Order

10   Approving Compromise and Release that is "capable of accurate and ready

11   determination," the judicial notice requests are granted. Fed. R. Evid.

12   201.

13           Rule 12(c) prescribes that "[a]fter the pleadings are closed

14   . . . a party may move for judgment on the pleadings." "Judgment on the

15   pleadings is proper when the moving party clearly establishes on the

16   face of the pleadings that no material issue of fact remains to be

17   resolved and that it is entitled to judgment as a matter of law." Hal

18   Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th

19   Cir. 1990). In reviewing a Rule 12(c) motion "all factual allegations in

20   the complaint [must be accepted] as true and construe[d] . . . in the

21   light most favorable to the non-moving party." Fleming v. Pickard, 581

22   F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule

23   12(c) is warranted "only if it is clear that no relief could be granted

24   under any set of facts that could be proved consistent with the

25   allegations. Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043,

26   1046 (9th Cir. 2006) (citations omitted).

27           Plaintiff alleges in her complaint that she "was employed by

28   Lorillard until she became disabled on or about April 30, 2005[,] . . .

1  [and that w]hen she became disabled, she became eligible for the long

2  term disability benefits" under the Lorillard Tobacco Company Group's

3  Disability Income Plan (the "Plan") which is governed by the Employee

4  Retirement Income Security Act ("ERISA"). (Plaintiff's Complaint for

5  Benefits Under an Employee Benefit Plan ("Compl.") ¶¶ 1, 7, ECF No. 1.)

6  On June 23, 2008, a workers' compensation administrative law judge

7  approved a form Compromise and Release that settled Plaintiff's workers'

8  compensation claim. (RJN, ECF No. 32-1.) Plaintiff alleges in her

9  complaint that "[o]n July 28, 2010, [she] was notified of the decision

10 of the defendants to terminate her Plan benefits" and "has been denied

11 the benefits which are due her under the Plan and has suffered and is

12 continuing to suffer economic loss as a result thereof from July 28,

13 2010." Compl. ¶¶ 8, 9.

14        Lorillard argues its motion should be granted because "the

15 Settlement . . . makes clear that the release includes claims in

16 addition to workers' compensation claims such as long term disability."

17 (Mot. 2:17-18.)  Lorillard cites the following portion of the Settlement

18 in support of its argument: "Settlement of your workers compensation

19 claim by compromise and release may affect other benefits you are

20 receiving or may become entitled to receive in the future from sources

21 other than workers' compensation, including but not limited to . . .

22 long term disability benefits." (Mot. 2:19-24.)  However, the Settlement

23 also includes the statement: "Execution of this form has no effect on

24 claims that are not within the scope of the workers' compensation law or

25 claims that are not subject to the exclusivity provisions of the

26 workers' compensation law, unless otherwise expressly stated."

27 (Lorillard's Request for Judicial Notice of Prior Settlement Agreement,

28 ECF No. 32-1.)

1        Lorillard also argues that "Plaintiff signed an additional
2   attachment to [the Settlement], called an 'Informed Consent to
3   Compromise and Release.'" (Lorillard's Reply in Support of its Motion
4   for Judgment on the Pleadings 1:11-13, ECF No. 34.) The Informed Consent
5   to Compromise and Release contains the statement: "I understand and
6   acknowledge that the settlement of my workers' compensation case by
7   Compromise and Release with the defendants . . . means that the
8   insurance company and the employer will not be responsible for any
9   future medical expenses and permanent disability payments after the date
10  of signing the Compromise and Release." (Lorillard's Supplemental
11  Request for Judicial Notice of Prior Settlement Agreement, Ex. D, ECF
12  No. 35-2.)

13       Plaintiff indicates that judgment on the pleadings is not
14  warranted because there is a set of facts that could be proved
15  concerning the interpretation of the Settlement which runs counter to
16  Lorillard's argument that she released her claims for reinstatement of
17  ERISA long term disability benefits. Specifically, Plaintiff argues the
18  following concerning the "permanent disability" language cited by
19  Lorillard:

20          In the context of a worker's compensation claim the
            term 'permanent disability' has a specific
21          meaning[,] . . . [i]n the context of ERISA
            'permanent disability' does not have any specific
22          meaning[, and w]hen read in the context in which it
            is found, the 'permanent disability' referred to by
23          Lorillard clearly refers to Plaintiff's permanent
            disability as it is qualified in the workers'
24          compensation system.

25  (Opp'n 6:5-11.) Further, Plaintiff argues that "[t]he form entitled
26  'Informed Consent to Compromise and Release' does not expressly, or even
27  impliedly, mention any other claims besides Plaintiff's workers
28  compensation claim. . . . The form simply explains the consequences of

                                    4

1  the workers' compensation compromise and release as it affects the

2  claimant's workers' compensation claim." (Supplemental Opp'n to

3  Defendant Lorillard's Motion for Judgment on the Pleadings 3:6-12, ECF

4  No. 38.) In addition, Plaintiff argues that "[t]he payment of [long term

5  disability] benefits [until July 2010] shows that no party to the

6  compromise and release thought it affected the ERISA claim." Id. 3:25-

7  26.

8          Lorillard has not shown that its interpretation of the

9  Settlement should be adopted under the applicable "clearly established"

10 standard of Rule 12(c). Therefore, Lorillard's motion for judgment on

11 the pleadings is denied.

12 Dated:  January 18, 2012

13

14 _____
   GARLAND E. BURRELL, JR.

15 United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28