IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Teresea Duncan, | ) | |
| | ) | 2:11-cv-1536-GEB-CKD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING DEFENDANT |
| | ) | LORILLARD TOBACCO COMPANY'S |
| Hartford Life and Accident | ) | MOTION FOR SUMMARY JUDGMENT[*] |
| Insurance Company, Lorillard | ) | |
| Tobacco Company, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendant Lorillard Tobacco Company ("Lorillard") seeks summary judgment on Plaintiff's Employment Retirement Income Security Act ("ERISA") claim for reinstatement of long-term disability benefits. Lorillard contends this claim was released when Plaintiff executed a Workers' Compensation Compromise and Release.

Lorillard argues the referenced "settlement and release expressly stated that the released claims go beyond workers' compensation benefits, to include, for example, long-term disability claims[.]" (Mot. 1:20-23.) Plaintiff rejoins that "[c]laims for benefits governed by [ERISA] . . . are not expressly released in any part of the workers' compensation compromise and release at issue." (Opp'n 2:20-24.)

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

The referenced Workers' Compensation Compromise and Release contains the following language:

> Upon approval of this compromise agreement by the Workers' Compensation Appeals Board or a workers' compensation administrative law judge and payment in accordance with the provisions hereof, the employee releases and forever discharges the above-named employer(s) and insurance carrier(s) from all claims and causes of action, whether now known or ascertained or which may hereafter arise or develop as a result of the above-referenced injury(ies), including any and all liability of the employer(s) and the insurance carrier(s) and each of them . . . . Execution of this form has no effect on claims that are not within the scope of the workers' compensation law or claims that are not subject to the exclusivity provisions of the workers' compensation law, unless otherwise expressly stated.

(Decl. of Gracia Tse in Support of Lorillard's Mot. for Summ. J., Ex. 3.)

Since the Compromise and Release states it has "no effect on claims that are not within the scope of the workers' compensation law or claims that are not subject to the exclusivity provisions of the workers' compensation law, unless otherwise expressly stated[,]" and Lorillard has neither shown that Plaintiff's subject ERISA claim is subject to the exclusivity provisions of the workers' compensation law nor was "expressly" released, Lorillard's motion is denied.

Dated: October 3, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2