IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA DUNCAN,<br><br>    Plaintiff,<br><br>    v.<br><br>THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a corporation; LORILLARD TOBACCO COMPANY,<br><br>    Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIM<br>_____ | 2:11-cv-01536-GEB-CKD<br><br><u>ORDER AMENDING THE FINAL PRETRIAL ORDER AND DENYING REQUESTS TO FILE TRIAL EXHIBITS UNDER SEAL AS MOOT</u> |

        A Final Pretrial Order issued on October 24, 2012, which was based in part upon the parties' proposed briefing schedule for trial briefs and "presentation of evidence . . . ." (Joint Pretrial Statement ("JPS") 10:22-11:12.) However, upon further consideration, and in light of Teresa Duncan and the Hartford Life and Accident Insurance Company ("Hartford")'s requests to file certain trial exhibits under seal, the Final Pretrial Order is amended as follows:

        Proposed trial exhibits no longer need to be filed; instead, they shall be exchanged among the parties and submitted to the Court for use at trial as prescribed in this order. Further, **the trial date is advanced to commence at 1:30 p.m. on February 4, 2013**, due to congestion in the Court's trial calendar.

1

**HANDLING OF TRIAL EXHIBITS**[1]

A. Plaintiff's exhibits shall be numbered and marked with colored stickers provided by the Court while Defendants' exhibits shall be designated by alphabetical letter also marked with colored stickers provided by the Court. Defendants shall meet and confer concerning the marking of their exhibits to avoid duplication. To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

B. The parties are directed to exchange with each other, at least fifteen (15) court days prior to the trial commencement date, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court. Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.

C. Counsel shall produce all exhibits to the Courtroom Deputy at the commencement of trial. At that time, the parties shall also furnish the Court with a copy of each exhibit, unless the exhibit is physically incapable of being or impracticable to be reproduced. Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits. Each party submitting exhibits shall furnish a list to the Court, the Courtroom Deputy, and opposing counsel itemizing the exhibits.

D. At least ten (10) court days prior to the trial commencement date, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the

---

[1] **Paragraphs A and B of this section do not apply to the Administrative Record.** Hartford filed the Administrative Record with the Court on January 4, 2013. (See ECF Nos. 82-91.) Hartford also provided a courtesy copy of the Administrative Record to the undersigned judge's chambers, along with two compact discs, which appear to contain an electronic copy of the Administrative Record.

2

1  exhibits as marked by exhibit sticker and specifying the basis for each
2  objection.  The failure to make objections in the manner prescribed by
3  this section shall constitute a waiver of objections. A party seeking to
4  admit into evidence an exhibit to which no objection was made must
5  identify said exhibit for the record and then move it into evidence.

6       E.   Original trial exhibits will be returned to the
7  submitting parties at the conclusion of trial. The Court's copies of the
8  trial exhibits will be disposed of once a decision is rendered; should
9  a party desire that the Court's copies of its trial exhibits be handled
10 in a different manner, she/it may request an alternative procedure at
11 the time of trial.

**TRIAL DATE**

13      Trial is rescheduled to commence at 1:30 p.m. on February 4,
14 2013.

**PENDING REQUESTS TO SEAL**

16      Teresa Duncan and Hartford have requested that certain trial
17 exhibits be filed under seal. (See Pl.'s Notice of Req. to Seal Docs.,
18 ECF No. 79; Hartford's Request for Protective Order, ECF No. 75.) These
19 requests are denied as moot since trial exhibits are no longer required
20 to be filed. Hartford's motion to file manually a compact disc
21 consisting of its LTD claims manual (ECF No. 77) is also denied as moot,
22 since trial exhibits need not be filed. The Clerk of the Court will
23 return to the submitting parties the documents for which sealing and
24 manual filing has been denied as prescribed in Local Rule 141(e)(1).

25 Dated:  January 7, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge