IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERESA DUNCAN, | ) | 2:11-cv-01536-GEB-CKD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING MOTIONS FOR |
| | ) | CLARIFICATION OF REMAND |
| THE HARTFORD LIFE AND ACCIDENT | ) | ORDER, FOR PREJUDGMENT |
| INSURANCE COMPANY, a | ) | INTEREST, AND FOR ATTORNEY |
| corporation; LORILLARD TOBACCO | ) | FEES |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |
| | ) | |
| AND RELATED COUNTERCLAIM | ) | |
| ——————————————————— | ) | |

　　　　Plaintiff moves for clarification of the Court's remand order, for prejudgment interest, and for attorneys' fees and costs (ECF Nos. 119, 120).  Defendants The Hartford Life and Accident Insurance Company ("Hartford") and Lorillard Tobacco Company ("Lorillard") each oppose the motions.

　　　　The order which Plaintiff seeks to clarify remanded to Hartford Plaintiff's long-term disability benefits ERISA claim for the purpose of having Hartford conduct an administrative review of Plaintiff's appeal as stated in the remand order.

## I. MOTION FOR CLARIFICATION AND PREJUDGMENT INTEREST

Plaintiff argues the remand order should be clarified by compelling Hartford under reasoning in <u>Pannebecker v. Liberty Life Assurance Co. of Boston</u>, 542 F.3d 1213 (9th Cir. 2008), "to pay [P]laintiff past and future disability benefits until such time as . . . Hartford conducts full and fair [administrative] review [of Plaintiff's appeal]." (Pl.'s Mot. Clarify Court's Order & Prejudgment Interest ("Mot. Clarify") 2:22–25, ECF No. 119.) Plaintiff in essence contends she is entitled to these benefits since, her "benefits were terminated, not denied," and she should therefore receive the "Pannebecker remedy of the payment of retroactive benefits and future benefits until there is a full and fair review." (Mot. Clarify 4:2–7.)

Defendants counter Plaintiff is not entitled to past and continuing benefits since she has not shown she "would have continued to received benefits but for defendants" failure to consider her administrative appeal. (Lorrilard Tobacco Company's Opp'n Pl.'s Mot. Clarify 5:14–17, ECF No. 125.) Further, Defendants contend granting past and continuing benefits in the absence of a decision on the merits would "award[] a 'windfall of retroactive benefits.'" (Hartford's Opp'n Pl.'s Mot. Clarify 7:21–23, ECF No. 123.)

Plaintiff rejoins reiterating her position that "<u>Pannebecker</u> requires a retroactive award of benefits," arguing that "because her benefits were terminated rather than denied ab initio, and because the court remanded the matter back to Hartford so that Hartford could get another chance to consider the appeal Plaintiff made two years ago, Plaintiff is entitled to an award of retroactive benefits." (Pl.'s Reply Supp. Mot. Clarify 2:17–18, 6:7–11, ECF No. 119.)

> [I]f an administrator terminates continuing benefits as a result of arbitrary and capricious conduct, the claimant should continue receiving benefits until the administrator properly applies the plan's provisions. . . . [B]enefits should be reinstated where "but for the insurer's arbitrary and capricious conduct, the insured would have continued to receive the benefits." This . . . remed[y] "makes perfect sense[]" [if an] improper termination. . . was "the result of arbitrary and capricious procedures, [since] benefits could not have been terminated by those procedures."

Pannebecker v. Liberty Life Assurance Co. of Bos., 542 F.3d 1213, 1221 (9th Cir. 2008) (internal alterations and citation omitted) (quoting Hackett v. Xerox Corp. Long-Term Disability Income Plan, 315 F.3d 771, 776 (7th Cir. 2003)). However, "[t]he fact that the plan administrator failed to provide the adequate procedures does not mean that the claimant is automatically entitled to benefits[, since] such a holding might provide the claimant with an economic windfall should she be determined not disabled upon a proper reconsideration." Hackett, 315 F.3d at 776 (internal quotation marks omitted).

Here, the remand order held that the plan administrator, Hartford, erred by failing to treat "Fleishman's February 9, 2011, letter . . . as an appeal . . . once the appeal period expired," and "Hartford owed Plaintiff the duty to make a second, independent review." (Order 15:9-17, ECF No. 115.) At the time Plaintiff submitted this letter which should have been considered an appeal, her benefits had already been terminated. Since the procedural error did not terminate Plaintiff's benefits, she is not entitled to a reinstatement of benefits pending remand. See Amich v. Sedgwick Claims Mgmt. Servs., Inc., No. 10-CV-105, 2011 WL 815102, at *13 (E.D. Wis. Feb. 28, 2011) ("[B]ecause the court cannot say at this juncture that initial termination . . . w[as] arbitrary and capricious, it cannot say that 'but for' Sedgwick's

arbitrary and capricious conduct in the . . . appeal, Amich's benefits would continue. But for Sedgwick's arbitrary and capricious conduct, at most Amich would have had his submissions considered, but there is no guarantee Sedgwick would have overturned its decision.").

Therefore, Plaintiff's motion for clarification is denied. Further, since there is no award of past benefits, Plaintiff's motion for prejudgment interest is denied.

## II. MOTION FOR ATTORNEYS FEES

Plaintiff asserts she should be awarded attorneys fees under ERISA, 29 U.S.C. § 1332(g)(1), arguing that she achieved "some degree of success on the merits" by showing the plan administrator failed to follow applicable procedures regarding her administrative appeal. Defendants counter arguing, <u>inter alia</u>, that Plaintiff's remand did not achieve "'some degree of success on the merits' in this litigation under <u>Hardt v. Reliance Standard Life Ins. Co.</u>, 130 S. Ct. 2149 (2010)," since "[a]t most, the remand constituted a purely 'procedural victory' or trivial success for which <u>Hardt</u> precludes fees." (Hartford's Opp'n Pl.'s Mot. Att'y Fees & Costs 2:11-16, ECF No. 121.)[1]

> [An ERISA] fees claimant must show "some degree of success on the merits" before a court may award attorney's fees under § 1132(g)(1). A claimant does not satisfy that requirement by achieving "trivial success on the merits" or a "purely procedural victory," but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a "lengthy inquiry into the question whether a particular party's success was "substantial" or occurred on a "central issue."

---

[1] Plaintiff argues for the first time in her reply brief that her success on Lorillard's affirmative defenses constitutes "some success on the merits." However, "we decline to consider new issues raised for the first time in a reply brief." <u>Cedano-Viera v. Ashcroft</u>, 324 F.3d 1062, 1066 (9th Cir. 2003).

Hardt, 130 S. Ct. at 2158 (internal alterations and citations omitted).

Since Plaintiff has not shown that her success was other than a procedural victory, she has not shown she is entitled to attorneys fees, and her motion for attorneys fees and costs is denied.

### III. CONCLUSION

For the stated reasons, Plaintiff's motion for clarification and prejudgment interest (ECF No. 119) and motion for attorneys fees and costs (ECF No. 120) are denied.

Dated:  April 24, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge